J-A09024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
                                        :
              v.                      :
                                        :
                                        :
JOSHUA WILSON                      :
                                        :
             Appellant            :       No. 338 WDA 2020

Appeal from the Judgment of Sentence Entered January 31, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-MD-0005195-2019

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.*

MEMORANDUM BY KUNSELMAN, J.:            **FILED: JULY 9, 2021**

Joshua Wilson appeals from the judgment of sentence imposed following

his conviction of indirect criminal contempt ("ICC").   After careful

consideration, we vacate the judgment of sentence, reverse the order of

conviction, and discharge Wilson.

The relevant factual and procedural history can be summarized as

follows.  On August 3, 2019, Wilson was arrested for a domestic incident

involving his wife and one of their four minor children.  Wilson was taken to

the Allegheny County Jail, where he remained due to his failure to post bond.

He was thereafter charged with EWOC, simple assault and harassment.  On

August 5, 2019, Wilson's wife obtained a temporary Protection From Abuse

---

* Retired Senior Judge assigned to the Superior Court.

("PFA") order against Wilson, which prevented him from having any contact with her or their children. On that same date, a copy of the temporary PFA order, as well as a notice for the final PFA hearing scheduled for August 15, 2019, was served on Wilson in jail. The notice for the final PFA hearing warned Wilson that it could go forward on August 15, 2019, with or without him, and that a final PFA order could be issued against him at that time. Wilson, who was still incarcerated August 15, 2019, elected not to attend the final PFA hearing, which proceeded against him *in absentia*. Following the hearing, the court entered a final PFA order against Wilson, effective August 15, 2019 through August 15, 2022. Notably, no notice of the final PFA order was served on Wilson.

After the final PFA order was entered, Wilson made phone calls to his home and sent letters and drawings to his wife, the children, and the family dog. In total, he made 47 phone calls from jail and set two mailings containing over 20 letters.[1] Notably, Wilson, an artist, signed the letters not by use of his real name, but by using the word "Inspire," which is his artist signature, and by his distinctive artist logo (a flower with eyeballs and no mouth). Wilson's wife was readily able to identify Wilson as the sender of the letters due to his "distinctive writing patterns."

---

[1] Wilson's mailings were postmarked on 8/4/19, and 10/15/19.

On October 16, 2019, Wilson's wife filed an ICC complaint based on Wilson's violations of the final PFA order. The trial court conducted a hearing on the ICC complaint on November 22, 2019. Wilson appeared for the hearing and, at that time, was personally served by the prosecutor with a copy of the final PFA order. At the conclusion of the hearing, the trial court found Wilson in ICC for violating the final PFA order. On January 31, 2020, the trial court sentenced Wilson to six months of probation. Wilson filed a timely notice of appeal. Both Wilson and the trial court complied with Pa.R.A.P. 1925.

On appeal, Wilson raises the following issue for our review: "Was the evidence insufficient to sustain Wilson's ICC conviction where the Commonwealth cannot establish beyond a reasonable doubt that he received oral or written notice of the final PFA order before he violated it?" Wilson's Brief at 4.

Our standard of review of an ICC conviction is abuse of discretion. *See Commonwealth v*. *Bowden*, 838 A.2d 740, 761 (Pa. 2003). Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied. *Id*. at 762.

A charge of ICC consists of a claim that a violation of an order or decree of court occurred outside the presence of the court. *See Commonwealth v. Padilla*, 885 A.2d 994 (Pa. Super. 2005). "Where a PFA order is involved, an [ICC] charge is designed to seek punishment for violation of the protective

order." **Id**. at 996. As with those accused of any crime, "one charged with [ICC] is to be provided the safeguards which statute and criminal procedures afford." **Id**. at 996-97 (citation omitted). To establish ICC, the Commonwealth must prove: (1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; (2) the contemnor had notice of the order; (3) the act constituting the violation must have been volitional; and (4) the contemnor must have acted with wrongful intent. **See Commonwealth v. Ashton**, 824 A.2d 1198, 1202 (Pa. Super. 2003).

The Commonwealth may establish the notice element of ICC contempt with evidence showing the defendant received actual notice or possessed the equivalent knowledge of a PFA order. **See Commonwealth v. Staton**, 38 A.3d 785, 790 (Pa. 2012) (holding that the Commonwealth may rely upon actual notice or equivalent knowledge of PFA order to prove application of death penalty aggravator predicated on violation of PFA order); **see also Padilla**, 885 A.2d at 997 (holding that the Commonwealth proves the notice element of ICC where defendant has actual notice of the PFA order or the constructive equivalent).

Wilson does not dispute that he received the temporary PFA order and the notice for the final PFA hearing, which warned that it could go forward on August 15, 2019, with or without him, and that a final PFA order could be issued against him at that time. However, Wilson points out that notice of the

*possibility* of an adverse ruling against him is not the same as notice that there was, *in fact*, an adverse ruling against him. Wilson claims that the Commonwealth presented no evidence that he was informed either verbally or in writing (by the court, sheriff, or police) that a final PFA order had been entered against him. Wilson claims that he had no notice that a final PFA order had been entered against him until he was served with a copy of the final PFA order by the prosecutor at the ICC hearing on November 22, 2019.

Wilson concedes that, pursuant to 23 Pa.C.S.A. § 6106(g), a PFA order is enforceable whether or not the defendant was served with it. However, he points out that § 6109(a) requires that the order be served on the plaintiff, the defendant, and the police department with jurisdiction to enforce the order. Wilson claims that there is no evidence that service was made to the local police department in his neighborhood, or to the sheriff while he was in the county jail.

Wilson distinguishes this case from *Padilla*, where the defendant had not been served with a temporary PFA order but was nevertheless found to have adequate "notice" of the order because he was advised of the temporary PFA order via voicemail by a police officer, and later advised in a telephone call with the officer that a temporary PFA order had been issued against him.

The trial court considered Wilson's issue but determined that it lacked merit. The trial court reasoned that Wilson had notice of the temporary PFA order and of the final PFA hearing, and when he chose not to attend the

hearing, he ran the risk that a final PFA order would be entered against him. In the trial court's view, if one were to accept Wilson's position, then no court order would ever become effective until the defendant "chose to abide by those orders." *See* Trial Court Opinion, 6/30/20, at 5.

We disagree with the trial court's reasoning. As explained above, a defendant must have actual or constructive notice of a PFA order before the defendant can be found to be in ICC of that order. *See Staton*, 38 A.3d at 790; *Padilla*, 885 A.2d at 997. Here, neither actual notice nor constructive notice of the final PFA order was provided to Wilson. The notice of the temporary PFA order and the notice that a final PFA hearing had been scheduled did not inform Wilson that a final PFA order had, in fact, been entered against him. Accordingly, Wilson, having received no actual or constructive notice of the final PFA order, cannot be found in violation of that order. For these reasons, the trial court abused its discretion in finding Wilson in ICC of the final PFA order. Accordingly, we vacate the judgment of sentence, reverse the order of conviction, and discharge Wilson.

Judgment of sentence vacated, order of conviction reversed, defendant discharged.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/9/2021